UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY LYONS,

        Plaintiff,                         Case Number: 2:16-CV-11409
                                                          HON. GEORGE CARAM STEEH

v.

ATTORNEY GRIEVANCE COMMISSION,
ET AL.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.**

Pending before the Court is Plaintiff Leroy Lyons' *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff names three defendants: Michigan Attorney Grievance Commission (AGC), Robert E. Edick (deputy administrator, AGC), and Nancy R. Alberts (associate counsel, AGC). He claims that defendants violated his First Amendment right to petition for redress of grievances. For the reasons which follow, the complaint is dismissed for failure to state a claim upon which relief may be granted.

**II.**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). The notice pleading standard requires more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (*quoting Twombly*, 550 U.S. at 557).

The plaintiff paid the filing fee in this action, thus rendering inapplicable this Court's authority to screen such complaints for frivolity or maliciousness pursuant to 28 U.S.C. § 1915(e)(2). As a general rule, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). However, a review of a prisoner's civil rights complaint pursuant to 28 U.S.C. § 1915A is appropriate regardless of whether the prisoner has sought *in forma pauperis* status when the claim is brought against a governmental entity. *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999). If a prisoner's complaint seeks relief from a governmental entity, officer, or employee, Congress has directed that the district court must dismiss it, or any part thereof, which (a) is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (b) seeks monetary relief from a defendant who is immune from suit for monetary damages. 28 U.S.C. § 1915A; *see also McGore v.*

*Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III.

Plaintiff's complaint arises from the decision of the Attorney Grievance Commission, and its employees (defendants Edick and Alberts) to dismiss Plaintiff's request for investigation against Wayne County Assistant Prosecutor Robert W. Spada. He claims that the Defendants' failure to investigate Spada's misconduct violated his First Amendment right to "petition the Government for a redress of grievances." U.S. Const. amend. I.

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the state of Michigan has not consented to civil rights suits in federal court. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013), cert. denied — U.S. —, 134 S. Ct. 1023 (Jan. 27, 2014). Michigan state courts are arms of the state and thus entitled to Eleventh Amendment immunity." *Pucci*

*v. Nineteenth District Court*, 628 F.3d 752, 763-64 (6th Cir. 2010). The Attorney Grievance Commission "is the prosecutorial arm of the State Supreme Court in matters relating to the supervision and discipline of Michigan lawyers." *Fieger v. Thomas,* 74 F.3d 740, 742 (6th Cir. 1996). Therefore, the Commission and its employees and members are absolutely immune from suit. *Eston v. Van Bolt*, 728 F. Supp. 1336, 1339-40 (E.D. Mich. 1990).

**IV.**

For the reasons set forth above, the Court concludes that Plaintiff's complaint seeks relief from defendants who are immune from suit.

Accordingly, **IT IS ORDERED** that Plaintiff's complaint is summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915A.

Dated: May 5, 2016

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 5, 2016, by electronic and/or ordinary mail and also on Leroy Lyons #290297, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

s/Barbara Radke
Deputy Clerk